**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**EFFERN BINGHAM,**

   **Petitioner,**

v.               **Case No. 06-CV-13068
                    Honorable Denise Page Hood**

**THOMAS BELL,**

   **Respondent.**

_____

**OPINION & ORDER DENYING REQUEST FOR CERTIFICATE
OF APPEALABILITY AND GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS***

**I. Introduction**

   On September 30, 2007, the Court denied Petitioner's application for writ of habeas corpus which was filed pursuant to 28 U.S.C. §2254. The Court determined that Petitioner's habeas application was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations set forth under 28 U.S.C. 2244(d)(1). On October 18, 2007, Petitioner filed a Notice of Appeal. On October 26, 2007, Petitioner filed a Motion for Certificate of Appealability detailing the reasons his habeas petition should be reviewed on appeal.

   Petitioner argues that he had viable appellate issues to be raised before the state appellate courts. However, he contends that because of his appellate attorneys' failure to file a timely appeal on his behalf, his substantive issues were never reviewed for appellate consideration. Petitioner, therefore asks this Court to grant his motion for certificate of appealability so that Petitioner's habeas application can receive appellate consideration.

## II. Standard of Review for Issuance of Certificate of Appealability

> [A] prisoner seeking post-conviction relief under 28 U.S.C. §2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability].

*Miller-El v. Cockrell,* 53 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of [a] constitutional right." 28 U.S.C. 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court decision may be taken. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, this result will only be proper, if the petitioner shows that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.

## III. Law & Analysis

Upon review of this matter, the Court finds that Petitioner has failed to show that the issues raised in support of his request for habeas relief warrant the issuance of a certificate of appealability. The Court addressed the issues raised in Petitioner's certificate of appealability motion in its opinion and order dismissing Petitioner's habeas application. Therefore, the Court has already taken Petitioner's argument into consideration and determined that equitable tolling was inapplicable despite appellate counsels' failure to file a timely

state court appeal. Petitioner has not presented any additional facts or legal arguments which would persuade the Court that a certificate of appealability is warranted in this case.

The Court denies Petitioner's request for a certificate of appealability because reasonable jurists would not find it debatable whether or not this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson,* 185 F.Supp. 2d 747, 753 (E.D. Mich. 2002). The doctrine of equitable tolling was deemed inapplicable in this case as set forth in the Opinion and Order denying habeas relief. Whether or not such a doctrine should be applied to a petitioner's habeas application is also not reasonably debateable. Petitioner's procedural default, therefore, prevents him, as well as the Court, from addressing Petitioner's purported constitutional claims. Consequently, the Court hereby finds that neither the procedural issues discussed nor the underlying substantive claims are certifiable for appeal.

Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this Court on August 17, 2006. Fed. R. App. P. 24(a)(3).

## IV. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's Notice or Appeal [Doc. # 20, filed October 18, 2007] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Certificate of Appealability [Doc. # 22, filed October 26, 2007] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal [Doc. # 23, filed October 26, 2007] is GRANTED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Effern Bingham, Reg No. 291761, 2727 Beecher St., Adrian, MI 49221on March 7, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager